[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIALDEFENSES AND COUNTERCLAIMS OF THE DEFENDANT, KENT W. RANNEY
On or about August 24, 1987 the defendants, Kent W. Ranney, CT Page 113 Katherine M. Ranney, aka Katherine M. Ochotsky and Thomas W. Ranney, executed a promissory note in favor of the plaintiff in the amount of $68,500, and on said date the defendants, Kent W. Ranney and Katherine M. Ranney aka, executed a mortgage deed in favor of the plaintiff for premises known as 1208 C-2 West Middle Turnpike, Manchester, Connecticut to secure said mortgage note. Subsequent to the recording of the mortgage, the defendants, Kent W. Ranney and Katherine M. Ranney aka, quit claimed their interest in the property to Joseph L. Petrowsky and Nathan P. Petrowsky on March 30, 1993 ("Petrowskys"). Plaintiff claims that no assumption agreement was entered into between the plaintiff and any of the defendants or either Joseph L. Petrowsky or Nathan P. Petrowsky. Defendant, Kent W. Ranney, claims that the plaintiff was notified of the transfer to the Petrowskys by notice dated April 27, 1990, which was provided to the plaintiff pursuant to its request. He further alleges that the Petrowskys agreed to assume the payments due to the plaintiff under the note and mortgage that defendant Kent W. Ranney had executed in August of 1987. He claims that the plaintiff knew of the agreement between the defendant Kent W. Ranney and the Petrowskys and acquiesced in the assumption of the payment responsibility by the Petrowskys and by doing so materially altered the terms of the note and mortgage. The Petrowsky subsequently transferred their right, title and interest in the real property to the defendant, Dexter Chappell. The defendant, Kent W. Ranney, claims that he had no knowledge of the transfer to defendant Dexter Chappell by the Petrowskys. The defendant, Kent W. Ranney, claims that the plaintiff was also aware that the responsibility for payments was then assumed by Dexter Chappell (hereinafter "Chappell") in October of 1993 that the plaintiff acquiesced in the assumption of the payment responsibility by Chappell, and by doing so materially altered the terms of the note and mortgage that is the subject of the plaintiff's amended complaint. The defendant, Kent W. Ranney, also claims that the plaintiff corresponded subsequent thereto exclusively with the defendant, Chappell, about the status of the loan after Mr. Chappell took title to the real property and that it wasn't until May of 1996 when defendant, Kent W. Ranney, received a notice from plaintiff indicating that the note and mortgage were in default. Following the initiation of this foreclosure action, the defendant, Kent W. Ranney, (hereinafter "Ranney") filed nine (9) special defenses as well as a counter claim in two counts. The plaintiff has moved to strike such special defenses and counterclaims and has further moved to strike them on the basis that Ranney lacks standing to raise a defense to this foreclosure. The motion to strike is dated CT Page 114 October 8, 1996, and Ranney's memorandum of law in opposition to motion to strike is dated October 22, 1996.
In a foreclosure action defenses are generally limited to payment, discharge, release, satisfaction or invalidity. The Bankof Darien v. Wake Robbin Inn. Inc., et al 13 Conn. L.Rptr. No. 11, 345, Walsh, R., J. (1995). A foreclosure action is an equitable proceeding, and many courts, therefore, have recognized allegations of mistake, accident, fraud, equitable estoppel, violation of CUTPA etc. as valid defenses to a foreclosure action. However, these defenses are limited to only those which attack the making, enforcement or validity of a note or mortgage.Bank of Darien, supra. Also see Shawmut Bank Connecticut v.Robert L. Hoffman. et al Judicial District of Tolland, CV 93 54448, May 19, 1995, Rittenband, J.
STANDING
Standing focuses on whether a party is the proper party to request adjudication of the issues. Shaskan v. Waltham Industries,Corporation, 168 Conn. 43, 49 (1975). Plaintiff's prayer for relief claims a deficiency judgment. The defendant, Ranney, is not excluded from the claim for a deficiency judgment. Since this claim remains, the defendant, Ranney, has every right to oppose the claim for a deficiency judgment and can attack it by special defenses if they otherwise meet the requirements of special defenses and can also file a counterclaim if the counterclaim would amount to an offset at least of the claim for deficiency judgment. If Ranney does not raise defenses at this time, including those attacking the validity of the note, etc., he risks being barred from doing so at a subsequent time in which the plaintiff seeks its deficiency judgment. Accordingly, the defendant, Ranney, has standing to file special defenses and counterclaims.
1. First Special Defense-Failure to give notice as to theavailability of foreclosure counseling.
This defense does not attack the making, validity or enforcement of the note or mortgage. Defendant's, Ranney, reliance on Shoreline Bank Trust Co. v. Leninski, is misplaced. This special defense was stricken. Further, defendant has not pled sufficient facts to show that he and the plaintiff are subject to the federal law cited. "A motion to strike is properly granted if the pleading alleges mere conclusions of law that are CT Page 115 unsupported by the facts alleged." Novametrix Medical Systems,Inc., v. BOC Group, Inc., 224 Conn. 210 (1992). Also, a review of the HUD supplement to the notice to home loan creditors of responsibilities under federal law attached to defendant's Ranney brief states in ¶ 6 that a homeowner who should receive the notice is one occupying a property covered by a delinquent loan who has suffered an involuntary reduction in his or her income or in the income of someone who contributes to the homeowner's income. It is clear that the defendant Ranney does not occupy the property, and there is no allegation as to an involuntary reduction in his income or in the income of someone who contributes to his income. Accordingly, the motion to strike the first special defense is granted.
2. Second Special Defense (release):
Defendant, Ranney, claims that the plaintiff was aware of and acquiesced in the assumption of the payment responsibility by the Petrowskys and the defendant, Dexter Chappell, and by doing so materially altered the terms of the note and mortgage that is the subject of the amended complaint and effectively released defendant, Kent W. Ranney, from his obligation under said note and mortgage. Mere acquiescence in permitting someone other than the maker of the note to pay the monthly payments does not relieve the maker from the obligation under the note that he executed. Any alleged modification or assumption agreement by which the bank is to be bound must be in writing. Otherwise, it is invalid as in violation of the Statute of Frauds. An assignment of a mortgage and/or an agreement to assume a mortgage is certainly an interest in land. Therefore, the Statute of Frauds applies. Also, note ¶ 17 of the mortgage deed which gives the option to the plaintiff to require full payment if all or any part of the subject property is sold or transferred without Lender's prior written consent. The only way that a maker of a note and mortgage can be released from same by assumption is by the assumption to be approved in writing by the lender and releasing, as part of the agreement, the maker from obligations under the note. Lenders traditionally require approval of the new owner of the property and do not release the original maker unless the lender is confident that the person assuming the mortgage has at least as good credit and at least the same ability to repay the mortgage. That is the reason for ¶ 17 and the reason for approval of an assumption by the lender, and that approval must be in writing. Accordingly, the motion to strike the second special defense is granted. CT Page 116
3. Third Special Defense: defective notice pursuant toConnecticut General Statutes § 49-31e.
Defendant, Ranney, claims that the notice to homeowner of protections from foreclosure as required by § 49-31e requires the plaintiff to give notice to the homeowner of protections from foreclosure available under § 49-31d through 49-31i. The first problem is that clearly Ranney is not a homeowner since he has transferred title. Secondly, the statute provides that "No home owner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section." Assuming the defendant, Ranney, is correct that he should be allowed to file a special defense based upon the plaintiff's failure to comply with the subject statute, the said defendant has filed eight other special defenses which would bring him under the provisions aforementioned that filing a defense precludes him from protection. Finally, assuming proper notice was not given, that doesn't mean that notice cannot now be given. All that would happen is that the judgment would be delayed until such notice is properly given. Accordingly, the motion to strike the third special defense is granted.
4. Fourth Special Defense: Breach of Federal Equal CreditOpportunity Act.
Defendant, Ranney, claims that at the time the defendant, Kent W. Ranney, applied for the loan, he "qualified for the loan" and, despite this, the plaintiff required the signature of his father, thereby violating the federal equal credit opportunity act. As to the defendant, Kent W. Ranney, any violation would be at the time of the application for the loan and, therefore, this defense does not address the making, the validity or the enforcement of the note and mortgage. Assuming, arguendo, that subsequently requiring the signature of the father on the note is in the making of the note, there is nothing to suggest that a violation of the federal statute is a defense to a foreclosure. Such a defense would be based upon equity, and where is the inequity to the defendant, Kent W. Ranney? Adding his father's signature to the note does not harm his interest. The bank may be better protected, but there is no harm to the defendant, Kent W Ranney. Accordingly, the motion to strike the fourth special defense is granted. CT Page 117
5. Fifth Special Defense: Laches.
The defendant, Ranney, claims that from the time the note and mortgage were assumed by the Petrowskys and later by Chappell, the plaintiff never communicated with defendant Ranney regarding the note until just prior to the initiation of the foreclosure action, and because of this failure to notify the defendant Ranney, he was prejudiced because he was thereby deprived of knowledge and opportunity to take action to correct any problems that existed with respect to the note and mortgage. This special defense does not challenge the making, validity or enforcement of the mortgage but rather conduct of the plaintiff subsequent to the time of the making of the mortgage and prior to the time of its enforcement. Further, laches or equitable estoppel are defenses in equity. As a matter of equity, it was the defendant, Ranney, who transferred the property without securing any agreement from the bank releasing him from the note and mortgage. When his own actions may have prejudiced him, it is certainly not equitable to blame them on the plaintiff. Accordingly, the motion to strike the fifth special defense is granted.
6. Sixth Special Defense: Violation of Connecticut GeneralStatutes § 49-6d.
Defendant, Ranney, alleges that the plaintiff failed to notify said defendant that the bank and he had differing legal interest as required by said statute. Section 49-6d provides, in pertinent part, "that each creditor shall notify a consumer debtor in writing when a mortgage loan application is filed that such debtor may have legal interests that differ from the creditor's . . . ". Since such failure, if it took place, it was at the time of application and not at the time of the making of the mortgage. Therefore, this special defense does not attack the making, validity or enforcement of the note. Further, there is no allegation that any harm or inequity accrued to said defendant. Accordingly, the motion to strike the sixth special defense is granted.
7. Seventh Special Defense: Failure to honor obligations asrequired by plaintiff's mortgage.
This special defense alleges that the plaintiff failed to honor its obligations pursuant to ¶ 14 of the mortgage. First, this is a conclusion of law unsupported by any facts alleged. Further, ¶ 14 provides only the manner in which CT Page 118 notice is to be given. As for notice of default, that is set forth in the mortgage note under ¶ 7(C). However, it states in pertinent part" . . . the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date the Note Holder may require me to pay immediately the full amount of principal . . . ". According to this section notice is not mandatory. Also, it does not attack the making, validity or enforcement of the note and deed. See Bristol SavingsBank v. Miller, 7 Conn. Lp Rptr. 517 (1992) Aurigemma, J.
Accordingly, the motion to strike the seventh special defense is granted.
8. Eighth Special Defense: Breach of covenant of good faith andfair dealing.
This special defense cites special defenses one through seven as breaching the implied covenant of good faith and fair dealing. It can be argued that by incorporating these various special defenses by reference, the defendant, Ranney, has pled sufficient facts to support a claim of breach of the covenant of good faith and fair dealing. However, the court has already found that the special defenses are invalid, therefore, they cannot be sufficient facts to sustain this special defense. Further, this special defense does not attack the making, validity or enforcement of the note and mortgage. Accordingly, the motion to strike the eighth special defense is granted.
9. Ninth Special Defense: Violation of Connecticut Unfair TradePractices Act.
Again, the violation of CUTPA is based upon said defendant incorporating by reference special defenses one through eight, which the court has already found to be invalid. These allegations do not attack the making, validity, or enforcement of the note or mortgage and do not state a valid claim for violation of CUTPA. The allegations do not satisfy all the requirements of the cigarette rule that determines whether CUTPA has been violated. Williams Ford. Inc. v. Hartford Courant Co.,232 Conn. 559, 591, 92, 593 (April 1995). Accordingly, the motion to strike the ninth special defense is granted.
1. Counterclaim: Count One: Violation of the Covenant of GoodFaith and Fair Dealing.
This is merely a conclusion of law without any facts to CT Page 119 support it, Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra. If defendant, Ranney, is relying on what is set forth in the special defenses, the court has already found them to be invalid. In any event, there are no allegations in count one of the counterclaim that would support the conclusion of violation of the covenant of good faith and fair dealing. Accordingly, the motion to strike count one of the counterclaim is granted.
2. Count Two of Counterclaim: Violation of Connecticut UnfairTrade Practices Act.
Although in this count two, defendant, Ranney, appears to have alleged the conclusions of law required in allegations of violation of CUTPA, as opposed to the ninth special defense which did not, the defendant relies for his facts to support these conclusions on the nine special defenses which this court has already found to be insufficient and invalid. Therefore, these conclusions of law are not supported by the facts alleged. Accordingly, the motion to strike count two of the counterclaim is granted.
Rittenband, J.